IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| TRISTATE CAPITAL HOLDINGS, INC., | : SECURITIES EXCHANGE ACT OF 1934 |
| DAVID L. BONVENUTO, ANTHONY J. | : |
| BUZZELLI, HELEN HANNA CASEY, E.H. | : |
| DEWHURST, JAMES J. DOLAN, | : |
| CHRISTOPHER M. DOODY, AUDREY P. | : |
| DUNNING, BRIAN S. FETTEROLF, | : |
| JAMES F. GETZ, MICHAEL HARRIS, KIM | : |
| A. RUTH, A. WILLIAM SCHENCK III, | : |
| JOHN B. YASINSKY, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

NATURE OF ACTION

1. On October 20, 2021, TriState Capital Holdings, Inc. ("TriState" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Raymond James Financial, Inc. ("Parent"), Macaroon One LLC ("Merger Sub 1") and Macaroon Two LLC ("Merger Sub 2").

2. Under the terms of the Merger Agreement, TriState's stockholders will receive $6.00 in cash and 0.25 shares of Parent per share.

3. On January 25, 2022, defendants filed a S-4 Registration Statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Registration Statement fails to disclose material information

regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5.   This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.   This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.   Venue is proper under 15 U.S.C. § 78aa because the Registration Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8.   Plaintiff is and has been continuously throughout all relevant times the owner of TriState common stock.  Plaintiff resides in this District.

9.   Defendant TriState is a Pennsylvania corporation.  TriState's common stock is traded on the NASDAQ under the ticker symbol "TSC."

10.   Defendant James F. Getz is President, Chief Execute Officer, and Chairman of the Board of Directors of TriState (the "Board").

11.   Defendant A. William Schenck III is Vice Chairman of the Board.

12.   Defendant David L. Bonvenuto is a member of the Board.

13. Defendant Anthony J. Buzzelli is a member of the Board.

14. Defendant Helen Hanna Casey is a member of the Board.

15. Defendant E.H. Dewhurst is a member of the Board.

16. Defendant James J. Dolan is a member of the Board.

17. Defendant Christopher M. Doody is a member of the Board.

18. Defendant Audrey P. Dunning is a member of the Board.

19. Defendant Brian S. Fetterolf is a member of the Board.

20. Defendant Michael Harris is a member of the Board.

21. Defendant Kim A. Ruth is a member of the Board.

22. Defendant John B. Yasinsky is a member of the Board.

23. Defendants identified in ¶¶ 10-22 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

24. TriState is a diversified financial services firm providing banking and asset management services to individuals, corporations and municipalities.

25. On October 20, 2021, TriState's Board caused the Company to enter into the Merger Agreement.

26. The press release announcing the Proposed Merger provides as follows:

Raymond James Financial, Inc. (NYSE: RJF) and TriState Capital Holdings, Inc. (NASDAQ: TSC) have entered into a definitive agreement under which Raymond James will acquire TriState Capital in a combination cash and stock transaction, valued at approximately $1.1 billion. Under the terms of the agreement, TriState Capital common stockholders will receive $6.00 cash and 0.25 Raymond James shares for each share of TriState Capital common stock, which represents per share consideration of $31.09 based on the closing price of Raymond James common stock on October 19, 2021. Raymond James has entered into an agreement with the sole holder of the TriState Capital Series C Perpetual Non-Cumulative Convertible Non-Voting Preferred Stock pursuant to which the Series C Convertible Preferred

3

will be converted to common shares at the prescribed exchange ratio and cashed out at $30 per share. The TriState Capital Series A Non-Cumulative Perpetual Preferred Stock and Series B Non-Cumulative Perpetual Preferred Stock will remain outstanding and be converted into equivalent Preferred Stock of Raymond James. []

TriState Capital will continue operating as a separately branded firm and as a stand-alone division and independently chartered bank subsidiary of Raymond James, with Jim Getz remaining as TriState Capital Holdings' Chairman and CEO, Brian Fetterolf remaining as TriState Capital Bank's CEO and Tim Riddle remaining as Chartwell's CEO. Management and approximately 350 associates are expected to remain with the firm in its existing office locations to support TriState Capital's continued growth and high service levels. []

The acquisition is subject to customary closing conditions, including regulatory approvals and approval by TriState Capital shareholders, and is expected to close in 2022.

Advisors

Advisors to Raymond James are Raymond James & Associates as financial advisor and Sullivan & Cromwell LLP as legal counsel. Advisors to TriState Capital are Stephens Inc. as financial advisor and Mayer Brown LLP as legal counsel.

27. On January 25, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

## Financial Projections

28. Regarding TriState's financial projections, the Registration Statement fails to disclose: (i) projected cash flows; (ii) the underlying line items; and (iii) Net Income Available to Common Shareholders, Earnings Per Share, and Total Assets for January 2024 through December 2026.

29. The Registration Statement also fails to disclose Raymond James' financial projections.

## Financial Analyses

30. The Registration Statement fails to disclose material information regarding the

financial analyses conducted by Stephens Inc. ("Stephens").

31. Regarding Stephens' Relevant Public Companies Analysis – TriState Capital Holdings, Inc., the Registration Statement fails to disclose the individual multiples for the companies utilized by Stephens.

32. Regarding Stephens' Discounted Cash Flow Analysis – TriState Capital Holdings, Inc., the Registration Statement fails to disclose: (i) the terminal values utilized by Stephens; (ii) the cash flows utilized by Stephens; and (iii) the inputs and assumptions underlying the discount rates utilized by Stephens.

33. Regarding Stephens' High/Low Analyst Price Targets – TriState Capital Holdings, Inc. analysis, the Registration Statement fails to disclose the price targets utilized by Stephens.

34. Regarding Stephens' Relevant Transactions Analysis – TriState Capital Holdings, Inc., the Registration Statement fails to disclose the individual multiples for the transactions utilized by Stephens.

35. Regarding Stephens' Relevant Public Companies Analysis – Raymond James Financial, Inc., the Registration Statement fails to disclose the individual multiples for the companies utilized by Stephens.

36. Regarding Stephens' High/Low Analyst Price Targets – Raymond James Financial, Inc. analysis, the Registration Statement fails to disclose the price targets utilized by Stephens.

<u>Banker Engagement</u>

37. The Registration Statement fails to disclose the total fees Stephens will receive in connection with its engagement.

# COUNT I

**Claim Against the Individual Defendants and TriState for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

38. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

39. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

40. TriState is liable as the issuer of these statements.

41. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

42. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

44. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

45. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

46. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

47. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

48. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

49. The Individual Defendants acted as controlling persons of TriState within the meaning of Section 20(a) of the Exchange Act as alleged herein.

50. Due to their positions as officers and/or directors of TriState and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

51. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

52. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

53. The Registration Statement contains the unanimous recommendation of the

Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Registration Statement.

54. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

55. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

56. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

57. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: February 11, 2022

**GRABAR LAW OFFICE**

By: _/s/ Joshua H. Grabar_
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*